UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | CHAPTER 11 |
| ) | |
| MURRAY, INC., ) | Case No. 04-13611 |
| ) | |
| ) | Judge Harrison |
| Debtor. ) | |
| ) | |
| ) | |
| WILLIAM KAYE, as TRUSTEE OF THE ) | |
| MURRAY LIQUIDATING TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Adv. Proc. No. 05-0776 |
| v. ) | |
| ) | |
| CARLISLE TIRE & WHEEL COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the motion filed by Defendant Carlisle Tire & Wheel Company to dismiss the Second through Ninth Claims for Relief alleged in Plaintiff's First Amended Complaint (collectively, the "Settlement Agreement Claims") [Docket No. 42]. Plaintiff William Kaye, as Trustee of the Murray Liquidating Trust, filed his opposition to Defendant's motion on November 17, 2006 [Docket No. 47], and Defendant filed a reply in support of its motion on December 6, 2006 [Docket No. 54].

The Court scheduled and conducted a hearing on Defendant's motion on January 18, 2007, at which time counsel for Plaintiff and counsel for Defendant presented argument in support of the parties' respective positions.

The Court has reviewed and considered the arguments presented and authorities cited by the parties, the Plaintiff's First Amended Complaint, the pre-petition Settlement Agreement that is the subject of claims asserted in Plaintiff's Amended Complaint, and the arguments presented by the parties at the January 18 hearing. The Court has considered Defendant's motion in accordance with the standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable in this adversary proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

Counts Two through Nine of Plaintiff's Amended Complaint assert claims that relate to and arise from a settlement agreement entered into between Defendant and the pre-petition Debtor, Murray, Inc., on or about October 1, 2004 ("Settlement Agreement" or "Agreement"). In the Settlement Agreement, Defendant and Murray resolved certain claims and issues between them on terms that included, among others, a release by Murray in favor of Defendant, and a credit given by Defendant against a receivable due from Murray. The Agreement provides, among other provisions, that it constituted the entire agreement between the parties; integrated all of the terms and conditions mentioned or incidental to the Agreement; superseded all prior negotiations or writings between the parties; and would be binding upon the parties and their successors and assigns. The Agreement further recited that it was entered into by the parties as a compromise to avoid the expense and uncertainty of further litigation.

Finally, in paragraph 8 of the Agreement, the parties represented that they had read, fully understood, and voluntarily accepted the terms of the Agreement; that they had relied upon the legal advice of their attorneys; and that they and their legal counsel had had an adequate opportunity to make whatever investigation or inquiry they may have deemed necessary or desirable in connection with the subject matter of the Settlement Agreement.

Plaintiff asserts in the Amended Complaint that the Settlement Agreement constituted an impermissible setoff avoidable pursuant to Section 553(a)(3) of the Bankruptcy Code. See Amended Complaint, Second and Third Claims for Relief. Plaintiff also asserts that the Settlement Agreement is avoidable as a preferential transfer or a fraudulent transfer pursuant to Sections 547, 548 and 544 of the Bankruptcy Code, and on the basis of state law. See Amended Complaint, Fifth, Sixth, Seventh and Eighth Claims for Relief. Plaintiff also asserts a claim pursuant to Section 542(b) based upon its pre-petition claims that were resolved by the parties pursuant to the Settlement Agreement. See Amended Complaint, Fourth Claim. Finally, Plaintiff asserts that any claim of Defendant should be disallowed pursuant to Section 502(d). See Amended Complaint, Ninth Claim.

In its motion to dismiss, Defendant argued that the claims at issue are barred by the doctrine of *res judicata* in accordance with Browning v. Levy, 283 F. 3d 761 (6th Cir. 2002) on the ground that they were not adequately described in the plan of reorganization and disclosure statement previously approved and confirmed by the Court. Defendant further has argued that, even if Plaintiff's claims are not barred by the

doctrine of *res judicata*, they fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

First, the Court finds that Plaintiff's claims are not barred by the doctrine of *res judicata*. The Court considered this issue in the context of Plaintiff's earlier motion for leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15 and held in the Order entered October 17, 2007 [Docket No. 36] that "Plaintiff's claims are not barred by *res judicata*." The Court declines to reconsider that decision.

However, the Court finds that Defendant's motion to dismiss should be sustained for other reasons advanced by Defendant. Specifically, the Court is persuaded by Defendant's argument that the Settlement Agreement is not subject to avoidance as a preferential transfer or fraudulent transfer under Sections 544, 547 and 548, or state law. In the Settlement Agreement, the parties resolved certain claims and issues between them and thereby effectuated a setoff of such mutual obligations. A setoff is not a "transfer" within the meaning of Section 101(54) of the Bankruptcy Code.

The Court further is persuaded by Defendant's argument that Plaintiff's reliance upon Section 553(a)(3) is misplaced. Section 553(a)(3) provides in pertinent part:

> Except as otherwise provided in this Section and in Sections 362 and 363 of this Title, this Title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this Title against a claim of such creditor against the debtor that arose before the commencement of this case, except to the extent that -- . . .
>
> (3) the debt owed to the debtor by such creditor was incurred by such creditor –

(A) after 90 days before the date of filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of the kind described in Sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561).

See 11 U.S.C. § 553(a)(3). The Court finds that Plaintiff can prove no set of facts entitling it to relief pursuant to Section 553(a)(3) on its claim to avoid the Settlement Agreement. It is not disputed that the Settlement Agreement at issue effectuated the setoff of mutual debts that existed more than 90 days before the petition date. Accordingly, the Court concludes as a matter of law that the Settlement Agreement did not constitute the incurring of a debt by the creditor (Defendant) within the 90 day period before the petition date for the purpose of obtaining a right of setoff, and thus the Court concludes that Plaintiff can state no claim for relief based upon Section 553(a)(3). While Plaintiff has argued that in the Settlement Agreement itself the parties undertook obligations that may be construed as "new debt" during the 90-day period before the petition date, that argument does not change the fact that the parties' rights of setoff had already accrued more than 90 days before the petition date. Further, Plaintiff has not provided to the Court authority that in which Section 553(a)(3) has been applied in the context presented here.

Plaintiff's Section 542(b) claim Plaintiff's claim based upon matters resolved in the Settlement Agreement (Fourth Claim for Relief) is barred by the Agreement's express terms.

Finally, Plaintiff's 502(d) claim (Ninth Claim for Relief) necessarily fails upon the failure of Plaintiff's other claims.

For the foregoing reasons, the Court finds that Plaintiff's Settlement Agreement Claims fail to state a claim upon which relief can be granted.

Accordingly, Defendant's Motion to Dismiss is granted.

The Court will enter a separate Judgment consistent with the foregoing.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.